# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SCOTT NESTOR, individually and as Administrator for the Deceased on behalf of Katlyn Nestor, | : : : | Case No. 3:17-cv-113 |
| | : | Judge Thomas M. Rose |
| Plaintiff, | : : | |
| - vs - | : : | |
| EVERLAST ROOFING, INC., and JAMES DUNKEL, | : : : | |
| Defendants. | : : : | |
| SCOTT NESTOR, individually and as Administrator for the Deceased on behalf of Hudson Nestor, | : : : : | Case No. 3:17-cv-93 |
| | : | Judge Thomas M. Rose |
| Plaintiff, | : : | |
| - vs - | : : | |
| EVERLAST ROOFING, INC., and JAMES DUNKEL, | : : : | |
| Defendants. | : : | |

## ENTRY AND ORDER GRANTING MOTION TO CONSOLIDATE (DOC. 8)

These cases are before the Court on the Motion to Consolidate (Doc. 8) filed by Defendants Everlast Roofing, Inc. and James Dunkel ("Defendants") in the case captioned *Scott Nestor, individually and as Administrator for the Deceased on behalf of Katlyn Nestor*, Case No. 3:17-cv-113 (the "*113 Case*"). Defendants move to consolidate the *Katlyn Nestor Case* with another case before this Court in which they are also the named defendants, captioned *Scott Nestor, individually and as Administrator for the Deceased on behalf of Hudson Nestor*, Case

No. 3:17-cv-93 (the "*93 Case*"). Both cases arise from the same motor vehicle accident taking place on December 21, 2015. Both decedents, Katlyn Nestor and Hudson Nestor, are alleged to have died as a result of multiple injuries caused by the motor vehicle accident. (Doc. 5-1 at ¶ 1 (*93 Case*); Doc. 5 at ¶ 1 (*113 Case*).) In both cases, Defendant James Dunkel is alleged to have been an employee and driver for Defendant Everlast Roofing, Inc. at the time of the accident. (Doc. 5-1 at ¶ 6-7 (*93 Case*); Doc. 5 at ¶ 6-8 (*113 Case*).)

Under Federal Rule of Civil Procedure 42, the Court has discretion to consolidate actions involving a common question of law or fact. Here, the same Administrator asserts the same claims on behalf of the two decedents based on the same, if not identical, factual allegations. Consolidation of these cases is not only justified under Rule 42, but necessary to achieve the purpose of the Federal Rules of Civil Procedure—the "just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Motion to Consolidate (Doc. 8) is therefore **GRANTED**.

The Court previously set a Preliminary Pretrial Conference ("PPTC") in both the *113 Case* and the *93 Case*, one of which will no longer be needed. The Court therefore **VACATES** the PPTC scheduled for May 18, 2017 in the *93 Case* and will proceed with the PPTC scheduled for June 6, 2017 at 10:30 A.M. (previously scheduled in the *113 Case*) in the consolidated action. If Plaintiff's counsel in the *93 Case* is not available to participate in a PPTC on June 6, 2017, they should notify the Court by telephone.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, April 21, 2017.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE